WILLIAM H. LEE *et al.*

*v.*

HENRY FOX *et al.*

1. PERMANENT SURVEYS—*notice of filing petition.* The statute authorizing the court to appoint a commission to ascertain and establish lines and corners of land which are lost or are in dispute, requires a notice in writing to be served on the defendant, of the application, and this notice must be regarded as the original process to bring the defendant into court.

2. SAME—*party can not serve notice of application.* The notice of the filing of an application for the appointment of a commission to survey lands and establish the corners, etc., being in the nature of process, can not be served on the defendant by. one of the petitioners, and if so served the service is void, and confers no jurisdiction on the court over the defendant.

3. SAME—*want of service of notice not cured by service of scire facias.* As the defendant, in such case, is entitled to service of notice before the petition is filed, so as to have an opportunity of answering the same and contesting every step in the case, the service of a *scire facias* on him after the survey has been made and reported, and before final decree, is not sufficient to give the court jurisdiction to enter an order confirming the report of the commission.

4. SAME—*effect of repeal of the statute.* The saving clause in the last section of the act repealing the act of 1869 for establishing lost and disputed corners and lines of land, has no application to a case pending at the time of the repeal, when the defendant has not been brought into court by the service of notice, or when the service is a nullity, as being served by one of the petitioners. In such a case there is no suit pending to be saved from the effect of the repeal.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. R. W. CAMPBELL, and Mr. J. P. VAN DORSTON, for the plaintiffs in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding instituted in the circuit court of Fayette county, at the October term, 1872, by the defendants in error, to establish permanently the lines and corners of

certain lands alleged to be in dispute, under the provisions of an act to provide for the permanent survey of lands, approved March 25, 1869. The plaintiffs in error, William H. Lee and John Bingham, with others, were made defendants to the proceeding.

It appears from the record, that commissioners were appointed to make survey of the lands, as prayed for in the petition, but they filed no report of the survey until the September term of the court, 1874, and the final decree confirming the report was not rendered until the September term, 1876.

The first, and indeed the only, question necessary to be considered is, whether the court acquired jurisdiction of the persons of plaintiffs in error, Lee and Bingham. If the court had no jurisdiction, any decree as to them would be erroneous. The second section of the act under which the proceedings were commenced, required a notice in writing to be served on the defendants in the petition, of the application to be made for the appointment of commissioners to make the survey. This notice, which must be regarded as the process to bring the defendants into court, was served by one of the petitioners or plaintiffs in the proceeding. We are aware of no authority which would sanction the right of a party to a suit to serve his own writ in the case, but such a practice was expressly condemned in *Filkins* v. *O'Sullivan,* 79 Ill. 524, and in *Tallon* v. *Schempf,* 67 Ill. 472—the latter case being a proceeding like the one under consideration, to appoint commissioners to settle a dispute in regard to a survey.

These decisions seem to settle the question beyond dispute, but it may be contended that the *scire facias* issued and served on the plaintiffs in error in September, 1875, for the purpose of making them parties to the proceeding, gave the court jurisdiction of the persons, and rendered the decree thereafter made valid. We can not, however, sanction this view. The act of 1869, which authorized the proceeding, was repealed by the revision of 1874. (See Rev. Stat. 1874, page 1040.) And

while it may be true, under the last section of the repealing statutes cited *supra,* if these defendants had been, at the time of the repeal, in court, by service of process upon them, the court might have proceeded to final judgment in the case, yet, under the facts here presented, it can not be held that a suit was pending as to them when the repeal took effect. The service as to the plaintiffs in error was a nullity. They had never been brought into court, and the mere fact that a petition had been filed, no notice having been served upon them, can not be regarded as a suit pending, and entitled to be saved from the operation and effect of the repealing statute.

There is, however, another view that might be taken of the question. The defendants in error were entitled to notice of the presentation of the petition, in order that they might appear and answer. They had the right to be present in court, and contest each and every step taken in the case, from the time the petition was filed until the final decree should be rendered. If, however, a petition may be filed, commissioners appointed, and survey made, without notice, and when the report is filed the defendants in the proceeding be brought into court by *scire facias,* and final decree then be rendered, the right of the defendants to contest the proceedings would be destroyed—they would, in effect, be deprived of a day in court. The act under which the proceedings were commenced, required that the defendants in the petition should be brought into court by service of notice before the petition should be filed. The *scire facias* served in 1875, after the commissioners had made the survey and filed their report, can not be held as a compliance with the statute. It was not that sort of service required by the statute, and under it the court had no authority to render the final decree.

The decree will, therefore, be reversed, and the cause remanded.

*Decree reversed.*