THE SPRING CREEK DRAINAGE DISTRICT, Appellee, *vs.* THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF JOLIET, Appellants.

*Opinion filed February 19, 1909.*

1. MANDAMUS—*when no objections to assessment except jurisdictional ones can be urged.* A *mandamus* proceeding to compel the commissioners of highways to levy a tax to pay a drainage assessment against the town is collateral to the assessment proceeding, and no objections to the assessment can be urged except those going to the jurisdiction of the court.

2. JURISDICTION—*when jurisdiction must appear on face of proceedings.* In the exercise of a special and statutory power conferred upon the county court it is necessary that its jurisdiction shall appear in some way upon the face of the proceedings.

3. SAME—*finding that notice has been given cannot be contradicted by extrinsic evidence.* Where orders of the county court organizing a levee drainage district and approving the report of the commissioners recite that due notice has been given as required by law and that the court has jurisdiction of the parties and subject matter, the fact that no notice to a certain party is found in the record does not overcome the force of the recital, nor can such recital be contradicted by evidence outside the record itself.

4. SAME—*when judgment confirming assessment is open to collateral attack.* A judgment confirming a levee drainage assessment is open to collateral attack by a party whose lands are assessed, where the order confirming the assessment does not recite any jurisdictional facts and there is nothing in the record to show that the party had notice of the proceeding to confirm the assessment, as in such case it cannot be presumed the court had jurisdiction.

5. TAXES—*consent of town auditors and assessor to levy of tax to pay drainage assessment is unnecessary.* Highway commissioners have power to levy a tax to pay drainage assessments against a town for benefits accruing to highways without having the consent of the town auditors and the assessor, as is required for the levy of an additional road and bridge tax.

6. DRAINAGE—*de facto drainage commissioners may compel levy of tax to pay drainage assessment.* The fact that drainage commissioners seeking by *mandamus* to compel the commissioners of highways of a town to levy a tax to pay drainage assessments against the town for highway benefits may not have been legally appointed is no defense to the action, as the money raised by the tax is not to be paid to the drainage commissioners as individuals, but to the drainage district.

APPEAL from the Circuit Court of Will county; the Hon. A. O. MARSHALL, Judge, presiding.

This is a *mandamus* proceeding filed in the circuit court of Will county by appellee to compel appellants to levy a tax to pay four installments of a special assessment against the town of Joliet for benefits accruing to the highways within said drainage district. After issues were joined, the circuit court, on a trial without the intervention of a jury, entered a judgment in accordance with the prayer of the petition. From that judgment this appeal has been taken.

The district was organized March 20, 1903, under the Levee act, the commissioners of highways of the town of Joliet signing the original petition for such organization, and the county court finding in its order that due notice was given as required by law, and "that it hath jurisdiction of the subject matter, parties and property involved in this proceeding." That court thereupon appointed commissioners, in accordance with section 5 of the said act, (Hurd's Stat. 1908, p. 819,) to examine the land and make a report in accordance with said sections 9 to 12, inclusive, of said act. On the coming in of that report, on October 26, 1903, the county court entered an order finding "that due notice has been given to all parties interested, for the

length of time and in the manner required by law, of the application to this court for the confirmation of said report filed in this cause," and, after modifying it in some particulars, the court approved the modified report and entered a default against all persons notified and not appearing. November 27, 1903, the court ordered the commissioners to proceed to make an assessment of benefits on the lands within the boundaries of the drainage district. Various orders were entered thereafter with reference to this assessment, and on July 29, 1904, the commissioners filed their report on such assessment, and also the corrected assessment roll of benefits to lands within said district, and the county court, after reciting that fact, ordered and adjudged "that said corrected assessment roll of benefits be approved and confirmed and spread upon the records of the court, and judgment be and the same is hereby entered against each of said lots, blocks and tracts of land located within the said drainage district, in accordance with said corrected assessment roll of benefits."

GARNSEY & WOOD, for appellants.

S. J. DREW, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The main contention of appellants is that they were not served with notice at any stage of the proceedings, and not having entered their appearance the court had no jurisdiction over the town of Joliet, either in the organization of the district or in confirming the assessment roll. As we understand the record, it is not contended that there is anything to show that the court had jurisdiction of the town except by the orders heretofore set forth in the statement. This action is collateral to the proceedings in the county court as to this assessment, and no objections can be urged here except such as question the jurisdiction of that court.

(*Highways Comrs.* v. *Drainage District,* 207 Ill. 17.)    In
the exercise of a special and statutory power conferred upon
the county court it is necessary that its jurisdiction shall ap-
pear in some way upon the face of its proceedings.  (*Cobe*
v. *Guyer,* 237 Ill. 516; *Illinois Central Railroad Co.* v. *Peo-
ple,* 189 id. 119.)    Where a decree or judgment order at-
tacked in the collateral proceedings finds that the parties
have been duly notified, such finding, like any other judicial
determination, cannot be contradicted, varied or explained
by parol or other evidence beyond or outside of the record
itself.  (*Stack* v. *People,* 217 Ill. 220; *Reedy* v. *Camfield,*
159 id. 254; *Harris* v. *Lester,* 80 id. 307; *Hertig* v. *Peo-
ple,* 159 id. 237; *Casey* v. *People,* 165 id. 49; *Pipher* v.
*People,* 183 id. 436; *Fiske* v. *People,* 188 id. 206; *People* v.
*Illinois Central Railroad Co.* 213 id. 367.)    If the notice be
given by publication, a publisher's certificate contrary to the
finding that due notice has been given will not defeat such
finding, because the court may have based it on other evi-
dence as to notice; but the service of summons can only be
shown by the officer's return, and hence, when it contra-
dicts a finding of the court that due service has been had,
it will overcome the finding and prove the want of jurisdic-
tion, even in a collateral proceeding.  *Reedy* v. *Camfield,
supra; Illinois Central Railroad Co.* v. *People, supra.*

As we have seen, there are no notices in the record
showing that the town of Joliet was notified of the filing
of the petition for the organization of the district under
section 3 of the Levee act nor of the filing of the report of
the commissioners under section 13 of said act, but as said
orders of March 20, 1903, and October 26, 1903, state
that due notice had been given according to law and that
the court had jurisdiction of the parties and the subject
matter such findings cannot be contradicted by parol, and
as there is nothing in the record that in any way conflicts
with these findings it must be held that the district was duly
organized, and the report of the commissioners, in accord-

ance with said sections 9 to 14, inclusive, of said Levee act, duly confirmed. The order, however, of July 29, 1904, confirming the assessment roll as to benefits by the county court does not recite any jurisdictional facts, and as no notice of any kind is found in the record indicating that any notice was served on the appellants, the jurisdiction of the county court to enter such order does not appear on the face of the proceedings, hence it cannot be presumed that the county court had such jurisdiction of appellants as authorized that court to enter a judgment of confirmation on said assessment roll against the town of Joliet. This being so, the circuit court erred in entering judgment herein in accordance with the prayer of the petition.

Certain other questions raised in these proceedings should be passed on for guidance in any further action that it may be necessary to take in this matter.

The contention that the tax ordered to be levied is for extraordinary expenditures and not for the ordinary maintenance of roads and bridges, and that, therefore, the highway commissioners cannot levy such tax without the consent of the town auditors and assessor, has been passed upon adversely to the contention of appellants by this court in *Commissioners of Highways* v. *Drainage District, supra,* and *People* v. *Nortrup,* 232 Ill. 303.

The further contention that the present drainage commissioners were never legally appointed after the organization of the district, and are, at most, merely *de facto* officers, and hence have no right to compel the payment of taxes to themselves, cannot be upheld. The money is not to be paid to them individually, but to the Spring Creek Drainage District, hence *People* v. *Weber,* 86 Ill. 283, and other cases of like import, are not in point on this question.

The question as to the qualifications of the drainage commissioners to spread the assessment has been fully discussed in *Commissioners of Drainage District* v. *Smith,* 233 Ill. 417; and as to their right to act in place of a jury in

assessing benefits, see *Juvinall* v. *Jamesburg Drainage District*, 204 Ill. 106, and *City of Joliet* v. *Spring Creek Drainage District*, 222 id. 441.

The necessary and essential facts to show jurisdiction of the county court to enter the judgment of confirmation not appearing on the face of the record of that court, the judgment of the circuit court in this case will be reversed and the cause remanded.     *Reversed and remanded.*