**J. Herschel Hardy, Plaintiff-Appellant, v. Bankers Life & Casualty Co., an Illinois Corporation, Hereinafter Called "Bankers," and John D. MacArthur, as Majority Shareholder, Director and President, and as Principal Agent of "Bankers," and Individually, and Great Plains Hotel Co., an Illinois Corporation, and Fiscal Agents, Inc., a Texas Corporation, Hereinafter Called "Fiscal," Leland Fikes and Harold L. Knop, as Majority Shareholders, Directors and President and Principal Agent, Respectively, of "Fiscal," and Individually, and Southwest Mortgage Corporation, a Delaware Corporation, Defendants-Appellees.**

**Gen. No. 47,439.**

First District, Third Division.

June 27, 1958.

Released for publication October 23, 1958.

Irving Breakstone, and John O'C. Fitzgerald, both of Chicago, for appellant.

Brundage & Short, of Chicago (Charles F. Short, Jr., Howard A. Brundage, and Narcisse A. Brown, of counsel) for Bankers Life & Casualty Co., Great Plains Hotel Co., John MacArthur, and Leland Fikes, defendants-appellees.

G. Wallace Roth, of Chicago, for Harold L. Knop, Fiscal Agents, Inc., and Southwest Mortgage Corporation, defendants-appellees.

JUSTICE BURKE delivered the opinion of the court.

This is an appeal from a judgment quashing service of summons on Leland Fikes, Fiscal Agents, Inc., Harold L. Knop and Southwest Mortgage Corporation, hereinafter called the "Texas defendants," and granting summary judgment in favor of Bankers Life & Casualty Co., John D. MacArthur and Great Plains Hotel Company, Inc., hereinafter called the "Illinois defendants." The complaint seeks to recover damages against the defendants for acts alleged to have been committed in concert and pursuant to an alleged conspiracy to deprive the plaintiff of certain hotel, business and apartment properties, and stock in a corporation holding title thereto owned by the plaintiff, through certain alleged stratagems, frauds, artifices,

confidence games, and alleged false and fraudulent representations.

The Illinois defendants filed a motion for summary judgment, supported by exhibits and an affidavit, alleging that the matters and things stated in the complaint were, as to them res judicata by reason of a certain judgment in the United States District Court for the Northern District of Illinois, Eastern Division, in case No. 54-455, and appeals therefrom as reported in Hardy v. Bankers Life & Casualty Co., 222 F.2d 827 and 232 F.2d 205, with certiorari denied in 351 U. S. 984, 76 S. Ct. 1051. The Texas defendants filed special appearances and motions to quash the summonses. Plaintiff filed an affidavit in opposition. Plaintiff's theory of the case is that he is entitled to damages for the tortious acts committed by the defendants; that none of the tortious acts alleged are res judicata by the judgment of the federal courts in that the conspiracy and the acts committed pursuant thereto all occurred subsequent to the subject matter adjudicated: that the Texas defendants were not parties to the litigation in the federal courts, having been dismissed therefrom; that the issues in the instant case are not those in the cause litigated in the federal courts; that the parties are different; that the complaint states a cause of action; that process was properly served upon the defendant Fikes; and that all the Texas defendants by reason of the acts and doings described in the complaint and supporting affidavit are within the provisions of Section 17 of the Civil Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 17] and give the court jurisdiction to proceed against them. The Illinois defendants' theory of the case is that summary judgment is the proper method of disposing of the claim of a vexatious litigant who has litigated the same matters against the same defendants in other courts. Defendant Knop's theory of the case is that

he is not amenable to the service of summons of an Illinois court under the facts of the case. The theory of the other Texas defendants is that no proper service of summons was had upon them and that no proper service could have been made under the facts of this case pursuant to the provisions of the Civil Practice Act permitting out of state service.

▮▮▮▮ The first point presented by the plaintiff is that the judgment in the litigation in the federal courts is not res judicata of the cause of action stated in the complaint because it alleges acts and matters, tortious in character, pursuant to and in consummation of a conspiracy, all of which are alleged to have occurred subsequent to the entry of the judgment in the federal courts. A careful reading of the record made in the federal courts and the record of the instant case convinces us that the substantial allegations of the instant complaint were litigated and determined in the federal court judgment. No matters have been brought forward by the present complaint which were not included in the previous action or which could not have been included therein. The present action is an attempt to relitigate matters that were settled by the judgment of the federal court. It should be noted that in an action based upon conspiracy the gist of the action is not conspiracy but damage to plaintiff by the wrongful acts of the defendants. Dean v. Kirkland, 301 Ill. App. 495. Fraud is never presumed. It must be pleaded and proved. Fraud cannot be made out by the profuse interpolation of adjectives characterizing acts alleged to be done as fraudulently done. Sulinski v. Humboldt & Wabansia Bldg. Corp., 315 Ill. App. 392. We conclude that the trial judge was right in granting a summary judgment in favor of the Illinois defendants.

Plaintiff insists that the special appearances of the Texas defendants were in fact general appearances

79

since they all plead res judicata to the facts stated in the complaint. We do not think that the Texas defendants raised the issue of res judicata. They call attention to the state of the record. This was permissible in view of their argument that the joinder of the Illinois defendants was made only to give color to the suitability of the Illinois courts as the forum to dispose of the litigation. As stated above, the plaintiff had his day in court against the Illinois defendants, which would leave the case standing with the Texans as the sole defendants. We cannot agree with the argument of the plaintiff that the Texas defendants filed a general appearance.

██ We turn to the contention of the plaintiff that the Texas defendants were properly served with process pursuant to Section 17 of the Civil Practice Act and that on the allegations of the complaint and plaintiff's affidavits were shown to have engaged in (a) the transaction of business within this state and (b) the commission of a tortious act within this state. The court properly quashed the summons on Leland Fikes and Fiscal Agents, Inc., on the ground that the summons on each of these was served later than 30 days after issuance. See Supreme Court Rules 2 and 3. Plaintiff says that the court should not have dismissed the suit against a defendant who was served after the life of the summons had expired. It is obvious that the quashing of the return of service of the summons does not terminate the case. The record does not show that in the instant case there was any statement in the presence of the court that the plaintiff intended to take any further steps to obtain the service of process on the defendants. Plaintiff is not in a position to complain about the action of the court in dismissing the complaint.

██ We are of the opinion that the record supports the finding of the court that none of the Texas

defendants had the minimum ties or contacts within the State of Illinois sufficient to confer jurisdiction, nor did they transact business or commit tortious acts in the state. It is well to note that subparagraph (3) of Sec. 17 of the Civil Practice Act provides that only causes of action arising from acts enumerated may be asserted against a defendant in an action in which jurisdiction over him is based upon this section. Not one statement of a tortious act is related as occurring in Illinois. A common law action sounding in fraud is required to allege the ultimate facts showing a false representation knowingly made, with the intention that it be relied upon, reliance and injury, and the record fails to show the allegation of any such tortious act in this state. We have read the recent cases of Nelson v. Miller, 11 Ill.2d 378, and McGee v. International Life Ins. Co., 355 U. S. 220. The minimum contact theory recognized and discussed in these cases does not support the plaintiff's position as applied to the facts of the case at bar.

For the reasons stated the judgment of the Superior Court of Cook county is affirmed.

Judgment affirmed.

FRIEND, P. J. and BRYANT, J., concur.