## SMITH *v.* SMITH

[No. 10 (Adv.), September Term, 1969.]

*Decided June 2, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*J. Francis Ford,* with whom was *J. Joseph Curran, Jr.* on the brief, for appellant.

*Robert C. Ozer,* with whom was *Sidney W. Albert* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

Charles Smith appeals from an order of Circuit Court No. 2 of Baltimore City which gave full faith and credit to an Illinois decree granting custody of his four minor children to their mother, Beatrice A. Smith.

The appellant Charles Smith and the appellee Beatrice A. Smith were married in Baltimore, Maryland, on December 21, 1957. Four children were born as the result of the marriage, Lisa, Brian, Marvin, and Paul. After 1957, and for almost eight years, the parties lived in Baltimore City. Their last residence was on Ellwood Avenue, where they occupied an apartment. In February 1965, the wife left Baltimore and went to Lawrenceville, Illinois, with the children. She testified that she intended to permanently remain in Illinois at that time. The appellant remained in Baltimore for several months. After he was laid off from his job at the Bethlehem Steel Company he rejoined his family in Illinois, moving their furniture to Lawrenceville. He indicated that he went to Illinois with the intention of establishing a home for his family there. For about six months, the parties lived together with the appellee's father and brother. However, the appellant was unable to find suitable employment in Lawrenceville and he returned to Baltimore to resume his prior employment. Nevertheless, he left his belongings and furniture in Illinois. After working for approximately three months Smith again went to Illinois but after a brief stay, he returned to Baltimore.

In June of 1967, the appellant again returned to Illinois to live and seek employment. By this time, the parties had consulted an Illinois attorney with respect to their marital difficulties. The Smiths agreed that one of their children, Lisa, would be permitted to visit the appellant's mother in Baltimore. After the child's departure, however, the appellant told his wife that their daughter would not be returned to Illinois.

The evidence revealed that during this period an argument ensued, and Mrs. Smith took the three other chil-

dren to her grandmother's house in Bridgeport, Illinois, a town near Lawrenceville. After Mr. Smith located them he removed Brian from Illinois by placing him in a taxicab destined for Vincennes, Indiana. Thereafter, Mr. Smith and Brian came to Baltimore. The appellee had unsuccessfully attempted to prevent Brian's removal, and on the next day, she filed an action for divorce and custody in the Circuit Court for Lawrence County, Illinois.

Suit papers for the Illinois divorce action were personally served upon the appellant in Baltimore City, but he never filed a defense to that proceeding. After conducting a hearing, on October 16, 1967, the Illinois court granted the appellee a final decree of divorce and custody of the four children.

Mrs. Smith instituted the present proceeding in the Circuit Court No. 2 of Baltimore City to obtain custody of Brian and Lisa, the two children who were living with the appellant. After taking testimony, the lower court entered an order and memorandum wherein the court found that the two children had been domiciliaries of Illinois at the time of the institution of the Illinois proceedings, and that the court was compelled to give full faith and credit to the Illinois divorce decree granting custody to the appellee. Mr. Smith has appealed to this Court.

On appeal, Mr. Smith argues that the lower court erred in giving full faith and credit to the Illinois decree. At oral argument and in his brief, appellant's attorney has urged that this case is controlled by *May v. Anderson*, 345 U. S. 528. We do not agree and affirm the lower court's decision.

In *May* the husband and wife had been domiciled in Wisconsin until marital troubles arose. The parties agreed that the wife should take their children to a location in Ohio so that she could think over her future course. After the wife refused to return, her husband filed suit in Wisconsin and obtained an absolute divorce and custody of the children in an ex parte proceeding. The only service upon the wife consisted of a copy of the summons and petition delivered to her in Ohio. After

the wife refused to surrender the children, her husband filed a petition for habeas corpus in an Ohio court. By stipulation the parties recognized Ohio as the wife's domicile. The husband was granted relief on the ground that the Wisconsin decree was entitled to full faith and credit. On appeal, the Supreme Court held that the Ohio court was not bound under the full faith and credit clause by the decree of Wisconsin awarding custody of the children to him, where the Wisconsin court did not have personal jurisdiction over the wife and she neither appeared nor participated in the case. The majority of the Court emphasized the lack of personal jurisdiction of the Wisconsin court over the wife:

> "We find it unnecessary to determine the children's legal domicile because, even if it be with their father, that does not give Wisconsin, certainly as against Ohio, the personal jurisdiction that it must have in order to deprive their mother of her personal right to their immediate possession." 345 U. S. at 534.

A strong inference arises that if the wife had been subject to the jurisdiction of the Wisconsin court, its decree would have been entitled to full faith and credit against her in any other state. See *Rethorst v. Rethorst,* 214 Md. 1, 133 A. 2d 101. Upon that basis, the instant case is distinguishable from *May.* Further, in *May,* the Court noted:

> "The instant case does not present the special considerations that arise where a parent, with or without minor children, leaves a jurisdiction for the purpose of escaping process or otherwise evading jurisdiction, and we do not have here the considerations that arise when children are unlawfully or surreptitiously taken by one parent from the other." 345 U. S. at 535 n. 8.

This Court concludes that at the time that suit was instituted in the divorce case in Illinois, the appellant,

as well as his wife and children, were domiciliaries of that state and hence subject to the jurisdiction of its courts. As a finding of fact, based upon the appellant's own testimony, the lower court found that:

"In September, 1965, Mr. Smith joined his family in Illinois and brought all of their furniture with him with the intention of remaining there . . . . In the summer of 1967 Mr. Smith again went to Illinois with his mother in an attempt to reestablish the family as a unit."

Under the decisions of this Court, this finding of fact, which is not clearly erroneous, establishes Mr. Smith's domicile in September 1965 as Illinois. A change of domicile is effectuated by the "actual removal to another habitation, coupled with an intention of remaining there permanently or at least for an unlimited time." *Miller v. Miller*, 247 Md. 358, 365, 231 A. 2d 27, 31. See *Shapiro v. Marcus*, 211 Md. 83, 124 A. 2d 846; *Lee v. Green*, 195 Md. 462, 73 A. 2d 889; *Shenton v. Abbott*, 178 Md. 526, 15 A. 2d 906. Although the testimony revealed that the appellant went back to Baltimore for brief periods to work, during these intervals, he left his furniture, belongings and family back in Illinois, where he had established their home. As this Court stated in *Shenton v. Abbott, supra:* "No temporary residence, whether for the purposes of business, health, or pleasure, occasions a change of domicile." 178 Md. at 530, 15 A. 2d 908.

We have concluded that Smith was a domiciliary of Illinois at the time his wife filed suit for divorce and custody in the Illinois Court. Section 16 of the Illinois Civil Practice Act authorizes that personal service upon Illinois citizens or residents made outside that state shall have the same force and effect of personal service of summons within the state. The appellant testified that he was served with a copy of the divorce papers in Baltimore City. The Illinois divorce decree specifically found that he had been so served with the summons and found that it had full and complete jurisdiction over the par-

36

ties and the subject matter. We hold that the Illinois court had personal jurisdiction over his person, and accordingly the lower court properly gave full faith and credit to the Illinois decree. For the above reasons, the order of the lower court will be affirmed.

*Order affirmed. Costs to be paid by the appellant.*