GEORGE GOCHEFF *et al.*, d/b/a Marjan Company, Plaintiffs-Appellees, *v.* EARL BREEDING *et al.*, Defendants-Appellants.

Fifth District    No. 77-105

Opinion filed October 3, 1977.

Crowder & Associates, Ltd., of Columbia, for appellants.

A. J. Nester, of Belleville, for appellees.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Plaintiffs, George Gocheff and Marguita Gocheff, doing business as the Marjan Company, filed a complaint in the Circuit Court of St. Clair County against defendants Earl and Mary Breeding on October 12, 1973. The complaint alleges that defendants individually and jointly retained the services of plaintiffs pursuant to a retainer contract attached as exhibit A to the complaint and that as evidence of the value of the services

rendered, defendants gave and executed a certain demand note of August 10, 1973, in the face amount of $943.56 which is attached as exhibit B to the complaint.

On October 12, 1973, upon application, the circuit court appointed plaintiff George Gocheff as special officer for service of process on defendants. On December 6, 1973 the court entered an order of default and judgment order in the total amount of $1226.63, representing the amount of the demand note plus $283.07 in attorney fees in favor of plaintiffs and against defendant Earl Breeding. No judgment was entered against Mary Breeding. On March 28, 1974, defendant Earl Breeding filed a motion to set aside default judgment which, by stipulation, was later continued indefinitely.

On December 6, 1976, the circuit court entered an order sustaining the default judgment and dismissing defendant's motion to set aside same. Defendant Earl Breeding now appeals from that order and argues that the default judgment against him is invalid, because George Gocheff, a party plaintiff, individually served process on him. We agree.

■■ Section 13.1 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 13.1) provides in pertinent part as follows:

"(1) Writs shall be served by a sheriff, or if he is disqualified, by a coroner of some county of the State. The court may, in its discretion upon motion, order service to be made by a private person over 21 years of age and *not a party to the action.* * * *

(2) Summons may be served upon the defendants wherever they may be found in the State, by any person authorized to serve writs * * *." (Emphasis supplied.)

In the instant case it is undisputed that if service was made at all, it was made by plaintiff George Gocheff and not by a sheriff or coroner. The statute in clear and unambiguous terms requires that a private person making service cannot be a party to the action. As is noted in the Civil Practice Act (Ill. Ann. Stat., ch. 110, par. 13.1, Historical and Practice Notes, at 103 (Smith-Hurd 1968)), "The restriction against service by a party is a codification of the law which existed prior to the 1937 amendment." (*People ex rel. Lafferty v. Feicke,* 252 Ill. 414, 96 N.E. 1052; *Lee v. Fox,* 89 Ill. 226; *Filkins v. O'Sullivan,* 79 Ill. 524.) The reason for this prohibition is to insure that the party serving process be a wholly disinterested person. *People ex rel. Lafferty v. Feicke.*

Where service of process is not carried out in accordance with the manner provided by law it is invalid, no jurisdiction over the person of the defendant is acquired, and a default judgment rendered against the defendant is void. (*Escue v. Nichols,* 335 Ill. App. 244, 81 N.E.2d 652 (1948).) Service of process on a defendant is a prerequisite to the court's

jurisdiction to enter judgment against him. (*Stone & Adler, Inc. v. Cooper*, 20 Ill. App. 3d 576, 315 N.E.2d 56; *Isaacs v. Shoreland Hotel*, 40 Ill. App. 2d 108, 188 N.E.2d 776.) Further, actual knowledge of the action has never been deemed the equivalent of service of the summons. *Newman v. Greeley State Bank*, 92 Ill. App. 638.

■■ Plaintiff argues that no service of process was required, because the contract and note filed as exhibits with the complaint each contain a "confession of judgment" clause. Judgments by confession, without service of process, are authorized under section 50(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(3)). However, the judgment against defendant was a default judgment entered upon the basis of the complaint and exhibits. No person or attorney confessed judgment against the defendant in accordance with the note and contract as is required by section 50(3) in order to obtain a valid confession judgment. Plaintiffs gave no indication that they intended to utilize the confession of judgment clauses and made no mention of this in their opposition to defendant's motion to set aside default judgment or at any time in the lower court. The argument is made for the first time on this appeal. Since plaintiffs did not attempt to follow this procedure, they cannot now on appeal invoke its protection to avoid the effect of an invalid service of process.

■■ For the reasons discussed herein, we hold that the judgment against the defendant is void for lack of jurisdiction over the defendant. The order of the circuit court dismissing defendant's motion to vacate default judgment is reversed and the cause remanded with directions to vacate the order of default and judgment order entered in this cause.

Reversed and remanded with directions.

EBERSPACHER and G. J. MORAN, JJ., concur.