GEORGE F. NICHOLAS, JR., *et al.*, Plaintiffs-Appellees, *v.* CHARLES R. INGLIMO, Defendant-Appellant.—(ALLEN TUREK *et al.*, Defendants.)

Second District    No. 80-758

Opinion filed May 29, 1981.

Howard K. Priess and Robert S. Soderstrom, both of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellant.

Solano & Berns, Ltd., of Wheaton, for appellees.

Mr. JUSTICE REINHARD delivered the opinion of the court:

On May 7, 1980, plaintiffs George F. Nicholas, Jr., and George F. Nicholas, Sr., filed a complaint in the circuit court of Du Page County, naming Charles R. Inglimo, Allen Turek (individually and as parent and guardian of Timothy Turek, a minor) and Timothy Turek as defendants. The complaint alleged, *inter alia*, that on or about September 21, 1974, at a cabin located in the area of Camp Douglas, Wisconsin, defendant Charles Inglimo negligently permitted a loaded pistol, which he owned, to remain in an exposed position, such that it could easily be uncovered by Timothy Turek, a minor; that defendant Timothy Turek caused the pistol to discharge; and that, as a result, plaintiff George F. Nicholas, Jr., suffered severe and permanent injuries from a gunshot wound in the chest. Plaintiffs requested judgment in excess of $15,000.

Summons issued and defendant Charles Inglimo was personally served in Superior, Wisconsin, on May 12, 1980. On June 11, 1980, Inglimo

filed a special and limited appearance and a motion to quash the service of summons, contending that the circuit court of Illinois lacked personal jurisdiction over him. The trial court initially granted the motion to quash service. However, plaintiffs filed a motion to vacate the order and, on July 24, 1980, the trial court vacated its prior order, denied the motion to quash service and ordered defendant Inglimo to answer or otherwise plead within 30 days. On September 3, 1980, Inglimo requested a rehearing, and filed an affidavit which recited that he had moved to Superior, Wisconsin, in December 1978, intending it to be his lawful residence; that he has resided continuously in Superior, Wisconsin, from December 1978 to the present; that at the time of service of process in the instant case, his residency and citizenship were in Superior, Wisconsin; that his citizenship is of the State of Wisconsin; and that he is not a citizen or resident of the State of Illinois.

The trial court denied the motion for rehearing on September 11, 1980. In its order, the trial court found that there was "a question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from said Order may materially advance the ultimate termination of the litigation. That question is: 'whether an Illinois Circuit Court has *in personam* jurisdiction over a person who is a non-resident at the time suit is filed and when out-of-state of [*sic*] service is effected, but who was an Illinois resident at the time the cause of action arose in another jurisdiction and remained an Illinois resident for several years thereafter.' "

On September 25, 1980, defendant Inglimo filed his application for leave to appeal pursuant to Illinois Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308). This court granted the application on October 14, 1980, and defendant thereafter filed his notice of appeal. Although plaintiffs filed a response to the application for leave to appeal, they have not filed a brief in this court. Nevertheless, since the record is simple and since the claimed error can be resolved without the aid of an appellee's brief, we shall decide the merits of the appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

■■ "While the State presumably has jurisdiction over its residents, this is not true of nonresidents. It is only in certain instances that our courts may reach out and touch citizens of other states and these occasions are enumerated by statute." (*Wells v. Braxton* (1967), 82 Ill. App. 2d 354, 362, 227 N.E.2d 137.) Section 16 of the Illinois Civil Practice Act provides in pertinent part:

> "(1) Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this

State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication." (Ill. Rev. Stat. 1979, ch. 110, par. 16(1).)

A person submits to the jurisdiction of the courts of this State if he or she does any act enumerated in section 17 of the Civil Practice Act. That section provides in pertinent part:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State;

(c) The ownership, use, or possession of any real estate situated in this State;

(d) Contracting to insure any person, property or risk located within this State at the time of contracting;

(e) With respect to actions of dissolution of marriage and legal separation, the maintenance in this State of a matrimonial domicile.

(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State." Ill. Rev. Stat. 1979, ch. 110, par. 17(1), (2).

Thus, it can be seen that section 16 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 16) provides that, in two instances, service of process outside the State of Illinois shall have the force and effect of personal service of summons within the State. Those instances are: when service is made upon an Illinois "citizen or resident" outside the State of Illinois and when service of process is made "upon a person who has submitted to the jurisdiction of the courts of this State" pursuant to the provisions of section 17 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 17). It is clear then that in order to require defendant Inglimo to submit to the jurisdiction of the Illinois courts, it is necessary that one of those two circumstances exist.

■■ Looking first at the question of whether defendant Inglimo was a citizen or resident of the State of Illinois so as to bring him under the provisions of section 16, it appears from an examination of the record that he was not. Inglimo stated in his motion to quash service of summons and

subsequent unrebutted affidavit that from December 1978 to the present time he has resided continuously in Superior, Wisconsin; that his citizenship is of the State of Wisconsin; and that he is not a citizen or resident of the State of Illinois. In their response to the application for leave to appeal, plaintiffs argued that jurisdiction may be based upon the fact that Inglimo was a resident of Du Page County, Illinois, at the time of the alleged negligent conduct and for several years thereafter. This is not in our opinion, however, a sufficient basis for subjecting Inglimo to the personal jurisdiction of our courts, nor have we found any authority to that effect.

As our supreme court said in *People ex rel. Hoagland v. Streeper* (1957), 12 Ill. 2d 204, 145 N.E.2d 625: "The jurisdiction of the court must be determined as of the commencement of the action." (12 Ill. 2d 204, 216, 145 N.E.2d 625; see also 20 Am. Jur.2d *Courts* §142 (1965).) An action is commenced in Illinois with the filing of a complaint. (Ill. Rev. Stat. 1979, ch. 110, par. 13(1); *Jackson v. Navik* (1974), 17 Ill. App. 3d 672, 675, 308 N.E.2d 143.) Inglimo became a party to the lawsuit at the time it was filed, and it is on that date that his status as a citizen or resident of this State must be determined. Service of process upon a defendant does not make one a party to a suit, but is a step in obtaining jurisdiction of his person after he is a party. (*Ogdon v. Gianakos* (1953), 415 Ill. 591, 596, 114 N.E.2d 686.) As the sole object of process is to notify the defendant of pending litigation so as to secure his appearance (*Lord v. Hubert* (1957), 12 Ill. 2d 83, 87, 145 N.E.2d 77), we are of the opinion that the date of the filing of the lawsuit is the determinative date. See also *Smith v. Smith* (1969), 254 Md. 31, 253 A.2d 719.

Therefore, in the present case, one must look at the facts and circumstances which existed at the time that the plaintiffs' complaint was filed on May 7, 1980, to determine whether defendant Inglimo was a citizen or resident of Illinois so that he would be personally subject to the court's jurisdiction upon personal service outside the State. Since it is uncontradicted that Inglimo was not a citizen or resident of Illinois at the time this action was commenced, on May 7, 1980, the Illinois court cannot exercise personal jurisdiction over him in that fashion. The fact that Inglimo may have been a citizen and resident of Illinois six years earlier, when the events giving rise to this cause of action allegedly occurred, is immaterial for purposes of determining the existence of personal jurisdiction under section 16.

■■ The only other basis upon which personal jurisdiction may be founded is the commission by defendant Inglimo of an act submitting to the jurisdiction of the Illinois courts, as enumerated in section 17 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 17). Plaintiff's complaint alleges that Inglimo was negligent in certain particulars, which

resulted in severe and permanent injuries for plaintiff George Nicholas, Jr. Section 17 of the Civil Practice Act provides that a person who commits a tortious act within the State of Illinois submits to the jurisdiction of the State. Therefore, if the tortious acts alleged in the plaintiff's complaint occurred within the State of Illinois, defendant Inglimo would be deemed to have submitted to the jurisdiction of the Illinois courts. However, plaintiffs allege in their complaint that the events upon which their claim is based took place in an area of Camp Douglas, Wisconsin. For purposes of section 17(1)(b) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 17(1)(b)), the situs of the tort is the place where the injury occurs. (*Mergenthaler Linotype Co. v. Storch Enterprises, Inc.* (1978), 66 Ill. App. 3d 789, 795, 383 N.E.2d 1379, 1384; *McBreen v. Beech Aircraft Corp.* (7th Cir. 1976), 543 F.2d 26.) Since all the alleged negligent acts and resulting injury occurred in the State of Wisconsin, defendant cannot be said to have committed a tortious act or omission within this State. (*Stansell v. International Fellowship, Inc.* (1974), 22 Ill. App. 3d 959, 963, 318 N.E.2d 149; *Hardy v. Bankers Life & Casualty Co.* (1958), 19 Ill. App. 2d 75, 81, 153 N.E.2d 269.) Therefore, he has not submitted himself to the jurisdiction of the Illinois courts pursuant to section 17.

Accordingly, we conclude that the trial court erred in denying defendant Inglimo's motion to quash service of summons. Upon remand, the trial court is instructed to enter an appropriate order quashing service on defendant Inglimo and dismissing him as a party defendant.

Reversed and remanded with directions.

UNVERZAGT and VAN DEUSEN, JJ., concur.