THE CITY OF CHICAGO, Plaintiff-Appellee, v. NATHAN YELLEN *et al.*, Defendants-Appellants (Amalgamated Trust and Savings Bank *et al.*, Defendants).

First District (1st Division)   No. 1—00—1309

Opinion filed September 4, 2001.

McCoy, Kula & Wiemerslage, of Chicago (Kim L. McAllister, of counsel), for appellants.

Mara S. Georges, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Valerie Quinn, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

In an action for demolition, an owner of the building failed to appear for trial, and the court entered the judgment sought. The owner argues that the record does not show proper service of summons on her. We hold that because the record includes no evidence that the clerk of court ever signed or sealed a summons to the owner, the trial court lacked jurisdiction to enter judgment against the owner who failed to appear.

On September 10, 1999, the City of Chicago (the City) filed a complaint for demolition of a building in Chicago. The complaint listed the property's owners, Nathan and Marie Yellen, amongst the defendants. Nathan appeared *pro se* for trial, but Marie did not appear. The trial court authorized the demolition by order dated March 24, 2000.

An attorney later filed a motion for reconsideration of the demolition order to permit the Yellens to file an acceptable plan for rehabilitation of the property. Before the hearing on the motion the attorney filed an appearance on behalf of Nathan and Marie. The attorney argued that Marie never received proper service of process. The court refused to reconsider the demolition order.

After the Yellens filed their notice of appeal, the City asked the trial court for leave to supplement the record on appeal with the summons to Marie and the return of service for that summons. The Yellens objected to the supplement on grounds that the trial court had not seen this evidence prior to ruling on the motion for reconsideration. The trial court granted the City leave to supplement the record.

On appeal, the Yellens argue first that the trial court erred by allowing supplementation of the record. Supreme Court Rule 329 permits supplementation of the record "to present fully and fairly the questions involved." 134 Ill. 2d R. 329. Generally, parties may supplement the record on appeal only with evidence actually presented to the trial court before judgment (see *In re Estate of Albergo*, 275 Ill. App. 3d 439, 444, 656 N.E.2d 97 (1995)), because in most cases this court must determine only whether the trial court erred in its resolution of questions on the basis of the evidence and arguments before it.

■ But here we must determine whether the trial court had personal jurisdiction over the parties. The appellate court similarly needed to decide a jurisdictional issue in *Marin v. Grimm*, 37 Ill. App. 3d 979, 981, 347 N.E.2d 418 (1976). Although the original record in that case did not include the return of service, the appellate court permitted the plaintiff to include it in a supplemental record. And in *Marion Metal & Roofing Co. v. Wood*, 243 Ill. App. 3d 890, 893, 612 N.E.2d 1049 (1993), the appellate court permitted supplementation of the record with letters never shown to the trial court, because the letters helped resolve the question of whether the defendant had actual notice of an order.

Like the courts in *Marin* and *Marion Metal*, we find the supplement helps resolve the issue of whether the trial court had jurisdiction over the parties. We find no error in the order permitting supplementation here.

The supplement includes a police officer's affidavit, stating that he left a copy of the summons and complaint with Nathan on September 15, 1999, at his home address. He swore that he left a second summons and complaint, addressed to Marie, with Nathan at the same time. The officer swore that he mailed Marie a copy of the summons and complaint, addressed to her home. The copy of the summons included in the supplemental record bears neither the seal nor the signature of the clerk of court. Marie contends that the evidence is insufficient to show that the court obtained personal jurisdiction over her.

■ The City responds first that Marie waived the issue by filing a general appearance in the trial court without first raising the jurisdictional issue. But she had not filed her appearance before the trial court entered the order for demolition. If the court lacked jurisdiction over her at that time, her subsequent appearance would not retroactively validate the order. See *Sullivan v. Bach*, 100 Ill. App. 3d 1135, 1142, 427 N.E.2d 645 (1981); *J.C. Penney Co. v. West*, 114 Ill. App. 3d 644, 646-47, 449 N.E.2d 188 (1983). She has not waived objection to the lack of personal jurisdiction at the time the court entered the demolition order.

■ Because the court entered the demolition order against a party who had not appeared, the order against Marie was, in effect, a default judgment. See *Columbus Savings & Loan Ass'n v. Century Title Co.*, 45 Ill. App. 3d 550, 553, 359 N.E.2d 1151 (1977) (judgment entered for failure to answer is a default judgment, even if the trial court called it a judgment on the pleadings). Section 2—1301(d) of the Civil Practice Law (735 ILCS 5/2—1301(d) (West 1998)) establishes that a default judgment is appropriate relief for a failure to appear, and the court's

decision to hold a hearing prior to granting the relief does not change its character as a default judgment.

■ " '[A] court can only acquire jurisdiction of a party, where there is no appearance, by the service of process in the manner prescribed by law.' " *Miller v. Town of Cicero*, 225 Ill. App. 3d 105, 110, 590 N.E.2d 490 (1992), quoting *Amy v. City of Watertown*, 130 U.S. 301, 317, 32 L. Ed. 946, 952, 9 S. Ct. 530, 536 (1889); see *Gocheff v. Breeding*, 53 Ill. App. 3d 608, 609-10, 368 N.E.2d 982 (1977); *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993, 1001, 527 N.E.2d 693 (1988). "Where service of process is not carried out in accordance with the manner provided by law it is invalid, no jurisdiction over the person of the defendant is acquired, and a default judgment rendered against the defendant is void." *Gocheff*, 53 Ill. App. 3d at 609.

■ When documents in the court file evidence full compliance with procedures needed to establish the court's jurisdiction, the defendant has the burden of impeaching the documents by clear and convincing evidence. *Paul v. Ware*, 258 Ill. App. 3d 614, 617, 630 N.E.2d 955 (1994). But the plaintiff bears the burden of presenting a record sufficient to establish the court's jurisdiction before the court enters a default judgment. We agree with Michigan's supreme court that "unless the files of the court disclose proper proof of service of process a default entered is irregular." *Dades v. Central Mutual Auto Insurance Co.*, 263 Mich. 260, 262, 248 N.W. 616, 616 (1933). As a Texas court explained:

"Before a default judgment is properly rendered, the record must reflect that the trial court has jurisdiction and that the case is ripe for judgment. [Citation.] When determining whether the case is ripe for judgment, the trial judge has a mandatory duty to determine that the defendant was duly served with citation and has no answer on file. [Citation.] The failure of the record to show strict compliance with the rules governing issuance, service, and return of citation will generally void attempted service and require the default judgment to be set aside." *Nueces County Housing Assistance, Inc. v. M&M Resources Corp.*, 806 S.W.2d 948, 949 (Tex. Ct. App. 1991).

See also *Howard v. Preston*, 30 Wis. 2d 663, 667-69, 142 N.W.2d 178, 181-82 (1966). Our supreme court has similarly held that the trial court lacks jurisdiction over parties who fail to appear unless the record includes evidence of legally sufficient service of process. *Spring Creek Drainage District v. Commissioners of Highways*, 238 Ill. 521, 524-25, 87 N.E. 394 (1909); see *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 310-11, 497 N.E.2d 1156 (1986).

■ With the service of a summons, the court obtains jurisdiction over a person, allowing the court to determine a claim against that person. *Whitley v. Lutheran Hospital*, 73 Ill. App. 3d 763, 766, 392 N.E.2d 729 (1979). The summons notifies the defendant of the pending litigation and directs him to appear and defend. *Nicholas v. Inglimo*, 96 Ill. App. 3d 695, 699, 421 N.E.2d 1014 (1981). But it cannot have effect as an order unless it issues from the appropriate court. The signature and seal of the clerk of court demonstrate that the summons issues from a court. "A summons not signed by the clerk of the court which issues it is no summons" (*Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 56, 10 N.E.2d 393 (1937)), because it is not issued by any court.

■ The record here lacks evidence of statutorily sufficient service of process. The only copy in the record of a purported summons has neither the seal nor the signature of the clerk of court, as required by law. 166 Ill. 2d R. 101(a). Thus, the record shows no evidence that any court issued the summons to Marie. The police officer's return of service constitutes evidence that the officer gave Nathan a piece of paper bearing the legend "Summons"—but the officer's affidavit mentions neither a seal nor a signature of the clerk of court, and the copy of the summons includes neither.

The City asks us to infer, from Nathan's failure to produce the summons he received, that the summons actually delivered bore the clerk's signature and seal. We find that Nathan's failure cannot meet the City's burden of presenting a record sufficient to show that the court has jurisdiction. Absent service of summons, the court lacked jurisdiction over Marie, and the record here shows no evidence of the issuance of a summons.

Because the record does not establish the trial court's jurisdiction over Marie, the default judgment against her, including the order for demolition, must be vacated. The cause is remanded for further proceedings in accord with this opinion.

Vacated and remanded.

COHEN, P.J., and O'MARA FROSSARD, J., concur.