NOTICE
Decision filed 11/16/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200412-U

NO. 5-20-0412

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | |
| | ) | No. 19-MR-307 |
| KIM DOWNS and JOSHUA DOWNS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Julie K. Katz, |
| (Kim Downs, Defendant-Appellant). | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The entry of default judgment against the *pro se* appellant by the circuit court of St. Clair County is affirmed where the appellee strictly complied with the requirements for service by publication pursuant to section 2-206(a) of the Code of Civil Procedure (735 ILCS 5/2-206(a) (West 2020)).

¶ 2    This appeal arises from a declaratory judgment entered by the circuit court of St. Clair County against the appellant, Kim Downs, in favor of the appellee, Amica Mutual Insurance Company (Amica), Downs's insurance provider. For the reasons that follow, we affirm.

1

¶ 3                                      I. BACKGROUND

¶ 4      On November 21, 2019, Amica filed a complaint for declaratory judgment against

Downs. The complaint sought expungement of an improper mechanic's lien filed by

Downs, which was cataloged in the St. Clair County Recorder of Deeds's office under

A02551948, wherein she cited 770 ILCS 60/23, a statutory section entitled "Liens against

public funds." According to the complaint, Amica issued a rental insurance policy to

Downs effective March 3, 2017, to March 3, 2018. The insurance policy included

provisions providing coverage for property damage resulting from fungi, wet or dry rot, or

bacteria. However, the policy only applied to third parties and did not provide medical

payment coverage to the insured.

¶ 5      Shortly after the policy was issued, Downs filed a claim arising out of the alleged

presence of mold spores in the subject property. She claimed that she and her son

developed allergy-like symptoms as the result of exposure to mold spores in the subject

property. Downs represented that a hose broke off the water heater, and the subsequent

leaking water caused mold. The claim was based on medical damages she suffered as a

result of exposure to the airborne spores. In support of her claim, she provided medical

records from February 2017, which predated the effective date of the policy. Amica

informed Downs that she lacked coverage available for any of her claimed damages or

injuries. Downs thereafter filed and recorded a mechanic's lien with the St. Clair County

Recorder of Deeds seeking $1.83 million. The lien established that Downs's claims were

predicated on a visit to urgent care on February 10, 2017—prior to the policy's effective

date. In the lien, Downs cited numerous health concerns that led to the visit to urgent care.

2

After the lien was recorded, Amica contacted Downs to inform her that the statute under which she filed the lien was inapplicable to her, as it related to construction work on public property or for the benefit of the state, county, township, school district, or municipality. Downs, however, refused to withdraw the lien and Amica therefore sought expungement of the lien and an award for costs.

¶ 6    After filing the complaint for declaratory judgment, Amica hired two special process servers to serve Downs with notice. They attempted to serve Downs eight times at two locations but were unsuccessful. Amica then filed a motion for service by publication pursuant to section 2-206(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-206(a) (West 2020)), which included an affidavit of nonservice and the last known address of Downs. The trial court granted the motion, and Amica published the notice in the Metro East Chronicle on August 19 and 26, 2020, and September 2, 2020. Copies of all three publications were also mailed to Downs's last known address. On September 28, 2020, Downs filed a motion for extension of time requesting an additional 30 to 45 days to respond to the complaint. In the motion, Downs acknowledged that she received notice of the complaint on September 4, 2020.

¶ 7    On October 7, 2020, Amica filed a motion for entry of default judgment pursuant to section 2-1301(d) of the Code (*id*. § 2-1301(d)), as Downs had failed to timely respond to the complaint. The motion alleged that Downs failed to file her response by September 18, 2020, and default was therefore appropriate. On November 9, 2020, Amica filed notice of hearing on the motion, which was scheduled via Zoom on November 25, 2020, at 11:30 a.m. On November 23, 2020, Downs filed "An Entry of Appearance" and "An Answer to

3

Responds [*sic*] to [Amica's] Motion for Default Judgment" and a motion for a continuance of the hearing. The motion to continue was not properly filed as it lacked a proposed order and Downs did not file a notice of hearing; therefore, the court did not rule on the motion.

¶ 8    On November 25, 2020, the trial court held a hearing via Zoom on the motions; however, Downs did not appear. On November 30, 2020, the court entered judgment against Downs, citing her failure to respond to the complaint, despite proper service and notice. The court found the lien void *ab initio*, of no legal effect, and therefore expunged it from the St. Clair County Recorder of Deeds's records. Downs thereafter filed her notice of appeal *pro se* on December 15, 2020.

¶ 9                                 II. ANALYSIS

¶ 10    At the outset, we note that because this appeal fails on the merits, we will not address Amica's argument that it should be dismissed for failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020).

¶ 11    Downs argues that the default judgment should be vacated where it is void for insufficient service of process. For a judgment to be valid, the trial court must have jurisdiction over the subject matter and the parties. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17; *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989). A judgment entered by a court lacking jurisdiction over the parties is void and may be challenged, directly or collaterally, and vacated at any time. *BAC Home Loans Servicing*, 2014 IL 116311, ¶ 17. Personal jurisdiction may be established either by service of process in compliance with the statutory requirements or by a party's voluntary submission to the court's jurisdiction. *Id*. ¶ 18. If a general appearance has not been entered, personal

4

jurisdiction can be acquired only by service of process in a manner directed by the Code. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). The objectives of service of process are to protect an individual's right to due process by allowing for proper notification of interested individuals and an opportunity to be heard, and to vest jurisdiction in the trial court. *City of Chicago v. Yellen*, 325 Ill. App. 3d 311, 316 (2001). When a party has not been served with process as required by law, the court has no jurisdiction, and a default judgment entered against her is void. *Id*. at 315. Whether the court obtained personal jurisdiction over a party is a question of law that we review *de novo*. *BAC Home Loans Servicing*, 2014 IL 116311, ¶ 17.

¶ 12 Section 2-206 of the Code (735 ILCS 5/2-206 (West 2020)) allows a plaintiff to serve process by publication but limits such service to cases in which plaintiff has strictly complied with the statutory requirements. *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213, ¶ 18. Section 2-206 provides in part:

> "Whenever, in any action affecting property or status within the jurisdiction of the court, *** plaintiff or his or her attorney shall file *** an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending." 735 ILCS 5/2-206(a) (West 2020).

A plaintiff seeking to serve by publication must show that it conducted both a "diligent inquiry" in ascertaining the opposing party's place of residence and a "due inquiry" in ascertaining her whereabouts. *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 18.

5

¶ 13    In this case, the record reveals that Amica strictly complied with the requirements for service by publication under the Code.  The process servers hired by Amica made eight attempts to contact Downs and went to two different locations, one of which was Downs's last known address.  The publication appeared in a newspaper circulated in St. Clair County where the complaint was filed.  Lastly, the notice was published for three consecutive weeks.  Downs points to nothing in the record that establishes that Amica failed to strictly comply with the requirements for service by publication iterated in the Code.  Therefore, the trial court had personal jurisdiction over Downs and its default judgment was not void.

¶ 14                               III. CONCLUSION

¶ 15    For the aforementioned reasons, the judgment of the circuit court of St. Clair County is hereby affirmed.


¶ 16    Affirmed.