■ NANCY STEINMAN, Appellant, v BARRY STEINMAN, Respondent. — In a matrimonial action in which the plaintiff wife was granted a divorce, she appeals from so much of an order of the Supreme Court, Nassau County, entered September 24, 1980, as denied her cross motion, *inter alia,* to "dismiss" defendant's motion for custody of the infant issue of the marriage upon the ground of lack of subject matter jurisdiction. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and cross motion granted to the extent that defendant's motion is denied insofar as it seeks custody of the infant issue of the marriage, with leave to either party to move to reinstate this appeal in the event the Superior Court of the State of California shall refuse to assume jurisdiction. The parties, who had resided with their two minor children in Nassau County, were divorced by a judgment of the Supreme Court, Nassau County, entered on August 23, 1978. The judgment incorporated an earlier separation agreement, which was to survive the judgment. The agreement provided, *inter alia,* that plaintiff would have "principal custody" of the two children and defendant would have certain visitation rights. The agreement also provided that each party could live wherever he or she chose. Defendant moved for custody of the children and other relief at Special Term early in 1979, alleging that plaintiff had interfered with his visitation rights. The court found that plaintiff had interfered with defendant's rights by removing the children to California and Florida and that she had decided, without consulting defendant, to move to California permanently with the children. The court ordered that the children remain in Nassau County and ruled that plaintiff would remain their principal custodian as long as she remained in Nassau County with the children. The order also prohibited either parent from removing the children from this State without either a further court order or written consent of the other party. Plaintiff did not obey the order and took the children with her to California. On April 28, 1979 the parties entered into an agreement to modify some of the terms of the original separation agreement. The "modification agreement" recited that both parties recognized that plaintiff is the appropriate custodian of the children and authorized her to live with them in California. The agreement provided for the termination with prejudice of all pending litigation in New York and California. Also, "in connection with the proceedings being taken in conformance with [the modification] agreement", it provided that neither party admits to the jurisdiction of the courts of any State and that the agreement shall survive any judgment. In March, 1980 plaintiff commenced a proceeding in Superior Court, Los Angeles County, to modify the order of the New York court by removing the restriction that she remain in Nassau County to retain custody. By order dated November 12, 1980, the California court (1) denied defendant's motion to dismiss the proceeding without prejudice, and (2) declared it would retain jurisdiction pending a final determination of that issue by this court. On April 18, 1980 defendant again moved at Special

Term, Supreme Court, Nassau County, for an order granting him exclusive custody. Plaintiff then cross-moved to dismiss defendant's motion for lack of personal* and subject matter jurisdiction or to stay the application pursuant to section 75-h of the Domestic Relations Law until the New York court shall have communicated with the California court. By order to show cause dated May 27, 1980, plaintiff commenced another custody proceeding in California. In her supporting documents, plaintiff acknowledged the pendency of defendant's application in New York. The record before us does not indicate that this proceeding has been terminated. In the order appealed from, Special Term, *inter alia,* denied plaintiff's cross motion to dismiss on the ground of *forum non conveniens* and ordered a hearing to determine whether plaintiff was properly served with the order to show cause and whether defendant should be awarded custody and counsel fees. In its memorandum decision the court held that it had subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), and denied plaintiff's cross motion to dismiss on the ground of *forum non conveniens.* It noted that the original divorce decree and award of custody was rendered in New York, that a subsequent custody proceeding was held here, that defendant continues to reside in New York, and that there is "substantial evidence" here because the children were born, raised and educated in Nassau County and because a number of their relatives reside in the area. Under these circumstances, we hold that Special Term erred in concluding it had subject matter jurisdiction under section 75-d of the Domestic Relations Law. We need not reach any of plaintiff's other contentions. Since the children have resided in California for the past one and one-half years and are presently there, section 75-d (subd 1, par [b]) of the Domestic Relations Law is the relevant jurisdictional provision. The parties do not contest this; moreover, plaintiff concedes in her brief that the first prong of the two-prong test prescribed by that paragraph has been met because defendant resides in New York. Thus, the relevant inquiry is whether there is, in New York, "substantial evidence concerning the child's present or future care, protection, training and personal relationships." The Court of Appeals has stated, in reference to the determination of whether the "substantial evidence" contemplated by paragraph (b) of subdivision 1 exists, that a particularly relevant factor "is whether the forum in which the litigation is to proceed has 'optimum access to relevant evidence'" *(Vanneck v Vanneck,* 49 NY2d 602, 610). The court further noted that maximum contacts are required and that the legislative design of the UCCJA was to limit, rather than proliferate, jurisdiction *(supra,* p 610, citing Prefatory Note of Commissioners on Uniform State Laws, 9 ULA [Master Ed], § 3, p 124). The narrow language of *Vanneck (supra)* and the absence of the children from New York in the case at bar, compel a finding that subject matter jurisdiction did not exist because there is not "substantial evidence concerning the child's present or future care, protection, training, and personal relationships". The children have lived in California for 18 months, and plaintiff has documented in great detail the substantiality of the evidence (and the numerous specific sources of such evidence) in California. Defendant's assertion that "substantial evidence" exists in New York is vague and unconvincing by comparison. He alleges there is evidence in New York concerning his suitability as a father and concerning the children's condition and preferences, presumably coming from friends and relatives (he also points out that the original divorce decree was rendered in New York). The absence of children from a State for 18 months is a strong indicator that there is no longer "optimum access to relevant evidence" in that State *(Matter of Settle,*

---

* This ground has not been raised on appeal.

276 Ore 759, 767; see, also, Ann., 96 ALR3d 968 and cases cited therein). Special Term's assertion of jurisdiction violated the spirit of the UCCJA as expressed in *Vanneck v Vanneck (supra)*, and the commissioners' notes to the statute. The order should, therefore, be reversed on this ground. Hopkins, J. P., Damiani, Mangano and O'Connor, JJ., concur.