OPINION OF THE COURT
Kevin C. Fogarty, J.
Before the court reaches the merits of this custody proceeding, it must decide a motion which was made at the conclusion of three days of hearings. The petitioner moved to suspend the hearing before this court and to have the question of custody referred to the Superior Court of California pursuant to the Parental Kidnapping Prevention Act of 1980 (US Code, tit 28, § 1738A, Pub L 96-611).
The relevant facts in this controverted case will be briefly summarized. If, after a ruling on the motion, it is necessary to expand the factual presentation, the court will endeavor to do so.
The petitioner mother instituted this proceeding against the respondent father for the purpose of reacquiring the *449 custody of Kimberly, born May 20, 1974. The child has been living with the respondent since some time in 1975 although the exact dates and the circumstances surrounding Kimberly’s residence with her father are in dispute. The petitioner was unable to locate the respondent and Kimberly until March, 1981 at which time she commenced the instant proceeding.
The parties to this action are presently divorced and both are remarried. They were married on April 25,1972. Both the petitioner and the respondent obtained ex parte divorces in California and Illinois, respectively. The petitioner’s interlocutory judgment of dissolution of marriage is dated August 8, 1977; the final judgment was executed on October 10, 1977. The respondent obtained his decree for divorce on July 11, 1977. Both parties were awarded custody of the child in their judgments of divorce.
After the third day of the second hearing, a mistrial having been declared in the first hearing, the petitioner made an oral motion requesting the suspension of the pending hearing and a referral of the custody question to the Superior Court of California which, the petitioner asserted, was the proper forum. The petitioner cited the Parental Kidnapping Prevention Act of 1980 (hereinafter referred to as PKPA) as the basis for her motion. As part of her motion, the petitioner also asked that custody of Kimberly be placed with her in the interim.
The petitioner made an oral argument in support of her motion when it was made after the third day of the hearing and during her oral summation at the conclusion of the hearing on the fourth day of testimony. She focused her argument on the full faith and credit clause of the United States Constitution and on the PKPA which mandates full faith and credit to judgments of sister States even in custody matters. (See Pub L 96-611, §7, subd [a], par [4]; US Code, tit 28, § 1738A.) According to the petitioner, this court should decline jurisdiction because the new law prevents State courts from modifying prior custody awards unless certain prerequisites are met and said prerequisites are not present in this case. (See US Code, tit 28, § 1738A, subd [f].)
*450 The petitioner further argued that her divorce action was in personam pursuant to California law while the divorce action of the respondent was granted after notice by publication making it an in rem action at best. (Cal Code Civ Pro, § 415.50; 111 Ann Stats, ch 40, pars 403, 410.) The petitioner’s posttrial memorandum amplified this point by noting that where California has been the marital domicile of the parties, its courts have held that sufficient minimum contacts to meet due process requirements exist so as to exercise personal jurisdiction over a nondomiciliary. (Matter of Lontos, 89 Cal App 3d 61; Mizner v Mizner, 84 Nev 268.) Moreover, even where jurisdiction over the person may be limited, the court retains jurisdiction to determine custody of children. (Titus v Superior Ct. of Contra Costa County, 23 Cal App 3d 792.)
The petitioner finally argued that as the PKPA is a Federal jurisdictional statute it may be asserted at any stage of the proceedings, even after the parties submit all issues to the State court whose jurisdiction is being challenged and which happens to be the State where the child presently resides. Jurisdictional defects, if they exist, cannot be waived and, as a threshold question, cannot be ignored by the court.
In the respondent’s posttrial memorandum of law, he urged that the petitioner’s motion be denied on the ground that New York is the proper forum pursuant to “constitutional principles, 28 U.S.C. Í738A, California law and New York law.” Contrary to the petitioner’s assertion of in personam jurisdiction over the respondent during her divorce action, the respondent noted that basic constitutional law requires more than California had to exercise in personam jusrisdiction. (Pennoyer v Neff, 95 US 714, 722; Mullane v Central Hanover Trust Co., 339 US 306, 314, 315; Hanson v Denckla, 357 US 235, 251; Shaffer v Heitner, 433 US 186.) While no evidence was presented to the court concerning the type of service made upon the respondent in the California divorce proceeding, the respondent assumed that service was by publication based upon its ex parte nature. Based upon the petitioner’s own testimony, the respondent has not resided in California for over two years prior to the entry of the interlocutory decree. Hence, said *451 decree did not satisfy constitutional standards of due process as required by the above-cited Supreme Court cases.
Assuming, arguendo, that constitutional standards were satisfied, the respondent next focused on the PKPA itself. The relevant amendments to chapter 115 of the Judiciary Act read in part:
“§ 1738A. Full faith and credit given to child custody determinations
“(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.
“(b) As used in this section, the term * * *
“(4) ‘home State’ means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months * * * Periods of temporary absence of any of such persons are counted as part of the six-month or other period * * *
“(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
“(1) such court has jurisdiction under the law of such State; and
“(2) one of the following conditions is met:
“(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child’s home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
“(B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interests of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence *452 in such State, and (II) there is available in such State substantial evidence concerning the child’s present or future care, protection, training, and personal relationships;
“(C) The child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;
“(D) (i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or
“(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.
“(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence of the child or of any contestant ***
“(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
“(1) it has jurisdiction to make such a child custody determination; and
“(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.” (US Code, tit 28, § 1738A.)
According to the respondent, after a careful reading of the law, this court must conclude that the California divorce decree obtained by the petitioner is inconsistent with the standards set forth in section 1738A of title 28 of the United States Code. California was not the home State of the child in September, 1976 when the divorce action was commenced or in October, 1977 when the divorce was finalized as Kimberly had not resided there for over a year. Even if the decree did conform with the PKPA, the respondent asserted that California, under its own law, lacked *453 the jurisdiction to make said decree pursuant to the Uniform Child Custody Jurisdiction Act (hereinafter referred to as UCCJA), enacted in California in 1973 and codified in section 5150 et seq. of the Civil Code of California. Like the PKPA, the UCCJA limits jurisdiction to proceedings where California is the home State of the child at the time of the commencement of the proceeding or had been the child’s home State within six months before the commencement of the proceeding. (Cal Civ Code, § 5152, subd [1], par [a].)
The respondent’s argument against granting the petitioner’s motion did not end at this point. Assuming arguendo that California properly made its initial custody determination in 1977, the respondent declared that California would not now exercise jurisdiction in a pending custody dispute pursuant to title 28 (§ 1738A, subd [f], par [2]) of the United States Code. California case law indicates that California would decline to exercise its jurisdiction at this time. (Schlumpf v Superior Ct. of Trinity County, 79 Cal App 3d 892; Steinman v Steinman, 80 AD2d 892.) Thus, New York would be permitted to entertain jurisdiction to modify the initial custody award as the home State of the child. (US Code, tit 28, § 1738A, subd [f], par [1]; subd [c], par [2], cl [A].)
The respondent’s final argument is grounded on the principle of divisible divorce. (Estin v Estin, 334 US 541; Vanderbilt v Vanderbilt, 354 US 416.) As this court will be deciding the motion on the basis of the PKPA, the court will refrain from detailing the respondent’s position on divisible divorce at this time.
Public Law 96-611, which includes the PKPA, was signed by President Jimmy Carter on December 28, 1980. The final form of the statute is a slightly amended version of the Wallop proposal, first introduced in the United States Senate on January 25, 1978. The express purposes of the new legislation are: (1) to promote co-operation among State courts so that a custody determination is rendered in the State which can best decide the case; (2) to promote the exchange of information among States; (3) to facilitate the enforcement of custody decrees of sister States; (4) to discourage continuing interstate controver *454 sies over child custody; (5) to avoid jurisdictional conflicts among States; and (6) to deter interstate abductions of children. (Pub L 96-611, § 7, subd [c], pars [l]-[6].)
According to Henry H. Foster, Jr. and Doris Jonas Freed, the PKPA “makes the most sweeping change in the past 200 years in the implementation of the Full Faith and Credit Clause.” (Foster and Freed, Law and the Family: Child-Custody Decrees — Jurisdiction, NYLJ, April 24, 1981,pi, col 1.) Obligatory, full faith and credit extends to every State which shall enforce and shall not modify any child custody determination made consistently with the provisions of the PKPA. (US Code, tit 28, § 1738A, subd [a].) The only exception to this mandatory obligation is the section of the statute permitting a State to modify a custody award of a sister State. (US Code, tit 28, § 1738A, subd [f].) Thus, Foster and Freed assert that for full faith and credit purposes, this new Federal law “preempts the field, and, except possibly within its own borders, a custody order or decree that does not conform to federal standards may be rejected out of hand. Orders and decrees that are in conformity, must be honored, even though subject to modification in the first forum. The nonfinal character of custody decrees no longer may serve as an excuse for their non-recognition. ” (Foster and Freed, Law and the Family: Child-Custody Decrees — Jurisdiction, NYLJ, April 24, 1981, p 1, col 1; emphasis in original.)
Of primary importance to this court in deciding the motion presently pending before it are the two qualifications which are required for State recognition, enforcement, and nonmodification of prior custody determinations of a sister State. The provisions of the PKPA mandate that: (1) the custody determination must have been rendered by a court having jurisdiction, as defined by the act, and (2) the State rendering the determination must have continuing jurisdiction and not have declined to exercise said jurisdiction. (US Code, tit 28, § 1738A, subds [a], [c], [f].)
After a careful review of the PKPA and the circumstances surrounding the petitioner’s divorce proceeding in California, this court holds that the child custody determination made by the Superior Court of California which granted custody of Kimberly to the petitioner was not *455 made consistently with the provisions of the PKPA and, therefore, this court will not decline to exercise its jurisdiction and will not transfer this proceeding to the California Superior Court, as requested by the petitioner in her motion. Pursuant to title 28 (§ 1738A, subd [c]) of the United States Code, a custody determination is consistent with the provisions of the PKPA only if the court making the determination has jurisdiction under the law of such State and one of five conditions is met. (See US Code, tit 28, § 1738A, subd [c], par [2], els [A]-[E].) This court finds that not only did the California court lack jurisdiction in 1977 under its own laws to make such a determination (Cal Civ Code, § 5152, subd [1], par [a]), but it failed to meet any one of the five conditions required by the PKPA to make a custody order entitled to full faith and credit by a sister State under the authority of this Federal statute.
A brief look at these five conditions demonstrates that, unlike the UCCJA which provides alternative bases for jurisdiction with emphasis placed upon the jurisdiction of the home State, the PKPA, in effect, confers exclusive and continuing jurisdiction on the home State. (Foster and Freed, Law and the Family: Child-Custody Decrees — Jurisdiction, NYLJ, April 24, 1981, p 2, col 1.) This difference between alternative bases of jurisdiction and exclusive jurisdiction was effected by an addition of language in the PKPA which does not appear in the UCCJA. Title 28 (§ 1738A, subd [c], par [2], cl [B]) of the United States Code states in part: “it appears that no other State would have jurisdiction under subparagraph (A)”. Title 28 (§ 1738A, subd [c], par [2], cl [A]) of the United States Code sets forth the home State basis for jurisdiction thereby relegating clause (B) to a contingency status for custody jurisdiction, or, as Foster and Freed prefer, a “vacuum situation, which makes it superfluous.” (Foster and Freed, Law and the Family: Child-Custody Decrees — Jurisdiction, NYLJ, April 24, 1981, p 2, col 1.) As the petitioner will concede, California was not the home State of Kimberly on the date of the commencement of the divorce proceeding. Nor was California the child’s home State within six months before the date of the commencement of the proceeding; nor, was she absent from the State because of her removal or reten *456 tion by a contestant and a contestant continues to live in such State. In fact, Kimberly had a home State when both divorce actions were commenced which was Illinois. However, this court is reluctant to give full faith and credit to any child custody decree where both parents are not given the opportunity to fully litigate the issue of custody. Even if this court were to enforce the Illinois decree, this court finds that, pursuant to title 28 (§ 1738A, subd [f]) of the United States Code it may modify said decree as Illinois no longer has jurisdiction and New York does as the home State of Kimberly for almost four years.
As to the three remaining conditions, this court finds that said sections did not provide any jurisdictional bases pursuant to which the Superior Court of California had the power to make a custody determination. Kimberly was not physically present in California, so the question of abandonment or emergency need not be reached. (US Code, tit 28, § 1738A, subd [c], par [2], cl [C].) A second contingency status is offered by title 28 (§ 1738A, subd [c], par [2], cl [D]) of the United States Code which would have allowed California to act if no other State had jurisdiction under clauses (A), (B), (C), or (E), or another State declined to exercise its jurisdiction, and it is in the best interest of the child that California assume jurisdiction. As indicated above, this court found Illinois to be the child’s home State thereby rendering clause (D) inapplicable. Finally, title 28 (§ 1738A, subd [c], par [2], cl [E]) of the United States Code provides for continuing jurisdiction where a court has made a child custody determination consistently with the provisions of the act as long as the State remains the residence of the child or any contestant. Thus, the continuing nature of exclusive jurisdiction of the home State is reinforced resulting in clause (E)’s irrelevance to the case at bar.
Accordingly, the petitioner’s motion to dismiss this custody proceeding, which she instituted in this forum, for want of jurisdiction pursuant to the Parental Kidnapping Prevention Act of 1980 is denied. Before this proceeding was commenced, neither party had given the other the opportunity to fully litigate the question of Kimberly’s custody, putting this court in the position of discounting *457 any orders of the California and Illinois courts and deciding the issue on the merits as presented by both parents. In point of fact, this court is the only proper forum in which the issue of custody can be determined pursuant to the PKPA as New York is presently the home State of Kimberly and has been her home State within six months before the date of the commencement of the proceeding, although she was in Arizona because of her removal by the respondent who continued to live in New York (see discussion of facts infra). (US Code, tit 28, § 1738A, subd [c], par [2], cl [A], subcl [ii].)