In the Matter of JOHN J. SULLIVAN, Respondent, v DONNA L. SULLIVAN, Appellant.

Third Department, May 27, 1982

## APPEARANCES OF COUNSEL

*F. Richard Decatur, Jr.* (*Paul R. Engster* of counsel), for appellant.

*Martin, Noonan, Hislop, Troue & Shudt* (*Thomas J. O'Connor* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J.

The parties to this proceeding were married on December 17, 1977 in Woodstock, Vermont, and have one child, Samantha, age three. The couple lived in either New Hampshire or Vermont until December 6, 1980, when they separated. After their separation, petitioner moved to his parents' home in Rensselaer County, New York, taking Samantha with him. Petitioner is now employed in Rensselaer County and states that he intends to remain permanently in the area. Respondent remains at the marital residence in Hinsdale, New Hampshire, and continues to be employed nearby.

On January 12, 1981, respondent filed a libel for divorce in Cheshire County Superior Court, New Hampshire, wherein she requested custody of Samantha. Petitioner

was served in this action on January 29, 1981. On January 22, 1981, petitioner obtained an order to show cause from the Rensselaer County Family Court based on his petition for custody of Samantha and made service on respondent on January 23, 1981.

Upon learning of the New Hampshire proceeding, the Rensselaer County Family Court directed an inquiry to the New Hampshire Superior Court by letter dated February 10, 1981 (see Domestic Relations Law, § 75-g). By letter dated March 12, 1981, the Rensselaer County Family Court was informed that the New Hampshire Superior Court was of the view that jurisdiction was with the New Hampshire court, but that the New Hampshire court would not make any ruling until hearing from the New York Family Court. On April 20, 1981, the Rensselaer County Family Court ruled that it had jurisdiction and an order to that effect was entered on May 14, 1981. On June 3, 1981, the New Hampshire Superior Court ruled that New Hampshire had jurisdiction of both the divorce and custody actions.

On June 12, 1981, the Rensselaer County Family Court held a hearing after which it granted custody of Samantha to petitioner. The instant appeal ensued.

Although formerly the physical presence of the child within this State was sufficient to endow the New York courts with jurisdiction, such is no longer the case under the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law, § 75-d, subd 2; see, also, *People ex rel. Gluch v Gluch*, 82 AD2d 55, affd 56 NY2d 619). Rather, section 75-d of the Domestic Relations Law sets out specific factual requisites for the exercise of jurisdiction in child custody proceedings. In the present case, Family Court found New York had jurisdiction on the basis of section 75-d (subd 1, par [b]) of the Domestic Relations Law, which provides that:

"1. A court of this state * * * has jurisdiction to make a child custody determination * * * only when * * *

"(b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a

significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships".

The "significant connection" between petitioner and the infant and New York was found to be the fact that petitioner had grown up in Rensselaer County and that his family still resided there. Family Court also found that "substantial evidence" existed in New York concerning the child's future care, protection, training, and personal relationships since petitioner intended to remain in Rensselaer County and raise the child there.

The instant record, however, fails to support Family Court's finding that the requisites of paragraph (b) were satisfied. Although petitioner had a significant connection with New York State at the time this proceeding was commenced, there is no evidence that the child had any connection with New York State other than a brief six-week residence prior to the commencement of the action as she had lived in New Hampshire since she was born. Further, although substantial evidence may exist in New York State concerning the child's *future* care if custody is given to petitioner, a finding that the instant factual situation is sufficient to establish jurisdiction under section 75-d (subd 1, par [b]) approximates the predicating of jurisdiction on the mere presence in this State of the child and a parent, a finding which is expressly prohibited by the UCCJA (see Domestic Relations Law, § 75-d, subd 2; *De Passe v De Passe,* 70 AD2d 473).

Finally, we note that contrary to Family Court's view, the general language of paragraph (b) was not intended to be interpreted broadly. Rather, as stated by the Court of Appeals, "The general language of this subdivision permits a flexible approach to various fact patterns. This imprecision, however, must not destroy the legislative design 'to limit jurisdiction rather than to proliferate it' [Prefatory Note of Commissioners on Uniform State Laws, 9 ULA (Master Ed), § 3, p 124]." (*Vanneck v Vanneck,* 49 NY2d 602, 610.)

As the record demonstrates that only petitioner had a significant connection with New York in the past, that the

child had had no such significant connection, that only evidence of the future care of the child if placed in petitioner's care was available in New York, and that evidence of the child's past care by both parents and future care if placed with respondent is available outside New York, the best interests of the child do not authorize jurisdiction in New York. Rather, New Hampshire was the "Home State" of the child (see Domestic Relations Law, § 75-c, subd 5) and substantial evidence of both parents' fitness and the child's care exists in New Hampshire. As maximum contacts with the State exercising jurisdiction are required (*Vanneck v Vanneck,* 49 NY2d 602, *supra; Steinman v Steinman,* 80 AD2d 892, app dsmd 54 NY2d 641), the Family Court erred in concluding it had jurisdiction. The order should, therefore, be reversed and the petition dismissed.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Order reversed, on the law and the facts, without costs, and petition dismissed.