In the Matter of MICHAEL BOPREY, Respondent, v JUDY B. GAUMES, Appellant.

Third Department, February 26, 1987

## APPEARANCES OF COUNSEL

*David R. Garner (E. Andrew Walton* of counsel), for appellant.

*Barbara R. Lake* for respondent.

## OPINION OF THE COURT

HARVEY, J.

The issue on appeal is whether Family Court had jurisdiction to award custody of Michele Boprey to petitioner. The child was born to petitioner and respondent in March 1978. In June 1981, while living in Georgia, the parties separated and petitioner returned to St. Lawrence County, New York, with the child. In February 1982, the parties entered into an agreement providing for joint custody of Michele. Petitioner was to have physical custody during the school year. At the time the agreement was entered into both parties were residing in New York. Respondent subsequently returned to Georgia and, between March 1982 and August 1983, the child was shuffled between New York and Georgia no less than seven times.

In August 1983, petitioner sought confirmation of the custody agreement by Family Court. Respondent replied asserting that prior to petitioner's New York proceeding, she had commenced divorce and child custody proceedings in Georgia. Family Court thereafter dismissed the New York petition finding that it lacked jurisdiction because of the pendency of the prior Georgia action. The parties were divorced by the Georgia Superior Court in 1983. Custody of Michele was awarded to respondent, with petitioner paying support and receiving visitation rights.

In 1984, respondent complained that she was having trouble with Michele and, on December 19, 1984, she sent Michele to New York to stay with petitioner. On June 18, 1985, petitioner filed papers requesting that Family Court modify the Georgia custody judgment by granting him temporary and permanent custody of Michele. On September 11, 1985, Family Court issued a temporary order which provided that temporary custody of Michele would be granted to petitioner during the pendency of this proceeding. Family Court subsequently found that it had jurisdiction and awarded sole custody of Michele to petitioner. Respondent appeals.

We affirm. In order for a court of this State to modify a determination of the custody of a child made by a court of another State, the court must (1) have jurisdiction to make such a child custody determination, and (2) the court of the other State must either no longer have jurisdiction or have declined to exercise jurisdiction (28 USC § 1738A [f] [1], [2]; see, Enslein v Enslein, 112 AD2d 973). Turning first to the issue of whether Family Court had jurisdiction, Family Court

is authorized to exercise jurisdiction when it is in the best interest of the child because "(i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships" (Domestic Relations Law § 75-d [1] [b]; *see,* 28 USC § 1738A [c] [1], [2] [B]; *Matter of Sullivan v Sullivan,* 87 AD2d 42, *affd* 58 NY2d 642). Here, although the child had spent time in both Georgia and New York, she had resided in New York since December 19, 1984 without interruption. She was attending school in New York and, according to a report by the St. Lawrence County Probation Department, she was doing well both academically and socially. Petitioner resided and worked in New York. Representations by respondent's attorney indicated that respondent was residing in New York following her move to this State in June 1985. The child's maternal and paternal grandparents both reside in New York as does her half sister. Further, there is evidence that she had a close relationship with her paternal grandparents. We find that the above evidence provided a sufficient basis for Family Court to determine that it had jurisdiction.

Next, we turn to the issue of whether Georgia no longer had jurisdiction or declined to exercise jurisdiction. We find that Georgia no longer had jurisdiction to determine custody of Michele. Petitioner and the child were residing in this State. On June 18, 1985, respondent came to this State and, as previously mentioned, her attorney stated to Family Court that respondent intended to reside in New York. Respondent's attorney explicitly recognized that there was no objection to Family Court's jurisdiction. Further indication of respondent's intention to reside in New York was her marriage in August 1985 to a New York resident. Hence, when Family Court acted on the petition neither the contestants nor the child were residing in Georgia. We thus conclude that the determination of Family Court was consistent with the provisions of the Federal Parental Kidnaping Prevention Act of 1980 (28 USC § 1738A).

MAIN, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, without costs.