OPINION OF THE COURT
Bruce E. Tolbert, J.
By motion brought on by an order to show cause dated June 16, 1989, petitioner seeks temporary custody of the parties’ two children.
As part of the order to show cause, temporary custody was granted to petitioner pending the hearing and determination of this motion. By cross motion dated June 21, 1989, respondent seeks, inter alia, an order vacating said provisional order and dismissing petitioner’s order to show cause on the ground that Ontario County, Canada, is the proper place of jurisdiction for adjudication of any custody issues between the parties herein.
A hearing was held by this court on the limited question of the mental deficiency of the respondent mother, if any, and its effect on the subject children. During the fact-finding hearing which consisted of two full days of testimony, each side presented experts who had examined and evaluated the mother and subject children. At the conclusion of said hearing, the court determined that the mother did not possess any mental deficiency that would have the effect of impairing the health, safety or welfare of the children if they were to be in her custody. Accordingly, the court vacated that portion of the order to show cause dated June 16, 1989 which placed temporary sole custody in petitioner father, effective immediately.
With regard to the jurisdictional issue raised in respondent’s cross motion, respondent contends that Ontario, Canada, and not the State of New York, has jurisdiction as there is a pending divorce action currently before the Supreme Court of Ontario, Canada, wherein custody is an issue. Respondent further contends that an Ontario County Supreme Court order of custody granting respondent sole custody of the two children is still in full force and effect. Law Guardian for the children, having been given an opporutnity to submit papers on the issue of jurisdiction, chose not to do so.
Pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law art 5-A), a State may assume jurisdiction if the child is physically present in the State and it is necessary in an emergency to protect the child *238 (Domestic Relations Law § 75-d [1] [c]). Based upon petitioner’s assertion that the children were in danger of being physically or emotionally harmed if they were to remain in the care of their mother, this court acceded to respondent’s request for New York to exercise jurisdiction solely for the limited purpose of determining whether, in fact, an emergency situation existed. Testimony at the hearing on the above matter having shown that an emergency situation does not now exist, the State of New York no longer has jurisdiction under the "emergency” section of the statute.
Moreover, simultaneous proceedings in Canada preclude New York from exercising jurisdiction. Pursuant to Domestic Relations Law § 75-g (1), a court shall not exercise jurisdiction if, at the time of the filing of the petition, a proceeding concerning the custody of the child was pending in a court of another State. All parties in the instant matter concede that there is pending divorce litigation in Canada in which custody of the subject children is an issue. There is also an interim order of custody issued by a Canadian court. Once the claim of emergency basis of jurisdiction is refuted by testimony, as in the instant case, the pendency of a divorce action elsewhere requires that New York decline jurisdiction (see, De Passe v De Passe, 70 AD2d 473 [1979]). In fact, for New York to exercise jurisdiction in the instant case would be contrary to the purpose and intent of the UCCJA which is to "avoid jurisdictional competition and conflict with courts of other states” (Domestic Relations Law § 75-b [1] [a]; see also, Vanneck v Vanneck, 49 NY2d 602 [1980]). Further, the policies of the UCCJA extend to the international area (Domestic Relations Law § 75-w), and foreign country custody decrees are to be given recognition and enforcement under the Hague Convention to which both Canada and the United States are signatories and have passed implementing legislation.
Even if jurisdiction in New York were discretionary, the court still finds that Canada retains jurisdiction. A State may assume jurisdiction if it is in the best interests of the child for the State to do so based upon the child and at least one parent having significant connection with the State, and there being, within the State, substantial evidence concerning the child’s present or future care, protection, training, and personal relationships (Domestic Relations Law § 75-d [1] [b]). In the instant case, the marital domicile of the parties was in Canada, and the respondent was brought up in Canada and lived there until recently. As for the children, they have spent most *239 of their lives in Canada, including going to school there, and have grandparents there. In addition, respondent has a longstanding relationship with doctors in Canada who would be more knowledgeable than those in New York with regard to current and past situations. Further, a separation agreement and an order of custody, written and issued in Canada, and the pending divorce, must all be interpreted under Canadian law. Based upon the foregoing, maximum contacts with Canada plus access to relevant evidence there mandate that Canada retain jurisdiction (see, Matter of Sullivan v Sullivan, 87 AD2d 42 [1982], affd 58 NY2d 642).
Petitioner contends that New York has jurisdiction on the additional ground that it is now the "home state” as defined in Domestic Relations Law § 75-c (5), since respondent has been living here for six months and two days. Although respondent and the children have remained here for this length of time, respondent had no intention of making New York her permanent residence. She came here for the purpose of attempting a reconciliation with petitioner. The record indicates that shortly after her arrival here and before the end of six months, the parties conceded that there would be no reconciliation. Respondent acted accordingly in that she retained her Canadian citizenship, her Canadian driver’s license, signed a contract with a real estate broker to sell the New York house that the parties had purchased jointly upon her arrival in New York, and enrolled her children in Canadian schools for the fall of 1989. It is conceivable that respondent remained here through June in order to allow the oldest child to complete the school year in New York. In any event, notwithstanding the length of time respondent has remained here, the fact that litigation is pending in Canada necessitates that New York not exercise jurisdiction and that Canada be the proper place to hear the instant custody dispute (see, Domestic Relations Law § 75-g; see also, Vanneck v Vanneck, supra, at 609).
Even assuming a jurisdictional basis exists in New York (i.e., New York is the home State), New York may decline jurisdiction on the ground that it is an inconvenient forum (see, Domestic Relations Law § 75-h). In examining the factors listed in Domestic Relations Law § 75-h, the court finds that Canada is or was recently the children’s home State, Canada has closer connections with the family and substantial evidence is available in Canada (as previously discussed), and New York’s exercise of jurisdiction would contravene with the *240 purpose of this act as duplicate orders might result due to the pending litigation in Canada. Therefore, were it to have jurisdiction, New York would have to decline to exercise said jurisdiction after a consideration of the above factors.
Accordingly, based upon the fact-finding hearing where this court determined that the subject children are not in any danger from either parent at this time, the court grants respondent’s cross motion to the extent that petitioner’s order to show cause is hereby dismissed. Whether by mandatory dismissal due to New York’s lack of jurisdiction, or by discretionary dismissal whereby New York declines to exercise jurisdiction, the instant custody issue will properly be decided in Canada. Based upon this result, we do not reach any of the other issues raised in the instant order to show cause or cross motion, with the exception of the request for attorney’s fees and sanctions.
Respondent’s motion for a fine against petitioner in the sum of no less than $5,000 for bringing a frivolous motion is denied. A parent’s belief that court intervention is needed to protect the interests of a child based upon what he or she believes to be an emergency situation cannot be deemed frivolous. Testimony in the instant case clearly indicated that some of petitioner’s assertions as to what happened did actually occur, and even though medical testimony as to an emergency situation proved him to be wrong, petitioner’s action did not rise to the level of being frivolous.
That portion of respondent’s cross motion seeking counsel fees and costs will be held in abeyance until petitioner has had sufficient time to submit a reply to respondent’s affidavit of legal services, which shall be filed on or before July 20, 1989.