Christopher W. ALBERT,* Petitioner,

v.

Krystal R. PHILLIPS,* Respondent.

Family Court of Delaware,
New Castle County.

Submitted: April 30, 1991.
Decided: May 22, 1991.

Shakuntla L. Bhaya, Wilmington, for petitioner.

Carolee M. Grillo, Wilmington, for respondent.

## OPINION

KEIL, Judge.

### I. *Procedural Background*

Christopher W. Albert (Father) has filed a petition for custody[1] of Jason M. A. (Child), dob 10/9/74. Krystal R. Phillips (Mother) has filed a motion to dismiss Father's petition. In her motion, Mother asserts that Delaware lacks subject matter jurisdiction to entertain Father's petition under the Uniform Child Custody Jurisdiction Act, 13 *Del.C.* §§ 1901–1925. Father has filed a Response in opposition to Mother's Motion.[2]

---

* Fictitious names have been used to protect the privacy of the parties.

1. Actually, Father is requesting a custody modification which would place primary residence of the Child with him.

2. Mother subsequently filed a Response to Father's Response to the Motion to Dismiss which has been stricken from the record as an unauthorized pleading.

## II. *Facts*

The parties were divorced by Order of the Circuit Court of Phelps County, Missouri on May 28, 1981. In addition to its decree of divorce, the Missouri court awarded custody of Jason to Mother. The Child lived with Mother in Colorado and Alabama until June 30, 1989, when he moved to Delaware to live with Father.

The parties disagree as to the date the Child left Delaware and resumed primary residence with Mother. Father alleges that the Child lived with him continuously until September 21, 1990. Mother alleges that the Child lived with Father until May 30, 1990. Following that date, according to Mother, the Child lived with his step-father, James D., in Alabama. The Child then returned to Delaware for one month. Both parties agree that the Child left Delaware permanently in September, 1990. Since December 1990, Jason has been living in various hospitals for treatment of emotional, behavioral and medical problems. On January 7, 1991, Jason entered the Desert Hills Center for Youth and Families in Tuscon, Arizona. He continues to reside there to date.

## III. *Issue*

Simply stated, the issue as presented in this case is whether Delaware has subject matter jurisdiction, under the terms of the Uniform Child Custody Jurisdiction Act, as enacted in Delaware in 13 *Del.C.* §§ 1901–1925, to rule on Father's petition for a transfer of primary residence of Jason. Mother argues that Delaware lacks such jurisdiction. In the event that the Court should determine it does have jurisdiction, Mother argues that the Court should decline to exercise its jurisdiction and defer to the State of Colorado as a more appropriate forum. Father counters that Delaware does have subject matter jurisdiction under the provisions of the UCCJA and is the appropriate forum.

## IV. *The Court's Assessment*

The starting point in the Court's assessment of this custody dispute is Section Fourteen of the UCCJA, which deals with the modification of a custody decree issued by the court of another state. 13 *Del.C.* § 1914 provides that:

(a) If a court of another state has made a custody decree, a court of this State shall not modify that decree unless:

(1) It appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter, or has declined to assume jurisdiction to modify the decree; and

(2) The court of this State has jurisdiction.

\* \* \* \* \* \*

Neither party has asserted that the state of Missouri has continued jurisdiction over this dispute. It appears from the pleadings that neither parent nor child has resided in that state for years. There does not appear to be any significant connection between any of the persons involved and that jurisdiction. Further, as will be detailed below, the Court finds that this State does have jurisdiction over this matter. Thus, the requirements of § 1914 are satisfied and this Court may modify the foreign decree.

Section Three of the UCCJA provides four distinct "tests" to determine whether a court has subject matter jurisdiction over a custody dispute. *Yost v. Johnson*, Del. Supr., 591 A.2d 178 (1991); 13 *Del.C.* § 1903. Only two of the tests are applicable here. The first provides that a court will have jurisdiction if:

(1) This State

(a) Is the home state of the child at the time of the commencement of the proceeding; or

(b) Had been the child's home state within 6 months before the commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State(.)

13 *Del.C.* § 1903.

The initial inquiry, then, is whether Delaware was this Child's home state within the

six month period immediately preceding the commencement of this proceeding. Jurisdiction based upon home state status is generally preferable to jurisdiction based on other grounds. *Grayson v. Grayson,* Del.Fam., 454 A.2d 1297 (1982); *See also* Comment UCCJA Section Three, *reprinted in* R. CROUCH, INTERSTATE CUSTODY LITIGATION: A GUIDE TO USE AND COURT INTERPRETATION OF THE UNIFORM CHILD CUSTODY JURISDICTION ACT (1981) (hereinafter CROUCH).

If Delaware is not Jason's home state, no other state qualifies for such status as he has not resided in a single state for a consecutive six month period since he left Delaware in September 1990. If Father's dates are accepted, Delaware qualifies, albeit just barely, as Jason's home state.[3] If Mother's dates are accepted, Delaware could not be construed as the Child's home state and jurisdiction would have to be premised upon some other ground.

The Court, however, does not find it necessary to determine this factual dispute since it concludes that Delaware may assume jurisdiction via 13 *Del.C.* § 1903(2), or the "significant connection" test.

This test provides that a court will have subject matter jurisdiction over a custody dispute if:

(2) It is in the best interests of the child that a court of this State assume jurisdiction because:

(a) The child and his parents, or the child and at least 1 contestant, have a significant connection with this State; and

(b) There is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships;

13 *Del.C.* § 1903.

Jason lived continuously in Delaware from June 30, 1989 until at least May 30, 1990 and also for an additional period of time during that year. Given the number of times Jason has moved in the past several years, this is a significant portion of time to be spent in one State. He attended school in Delaware. He worked in Delaware. His Father continues to reside in this State. These facts combine to satisfy the requirements of § 1903(2)(a).

However, the inquiry does not end there. Section 1903(2)(b) imposes the additional requirement of the availability of substantial evidence regarding the Child's present or future care, protection, training and personal relationships. Without this evidence, jurisdiction may not be exercised under § 1903(2).

Father has copies of reports and records pertaining to Jason and his needs, as well as employment and educational records from Jason's period of residence in Delaware. He will, of course, be able to testify as to Jason's future care should the Child be returned to this State. The Court is satisfied that substantial evidence exists in this State to enable the Court to render a decision in this custody dispute.

The requirements of § 1903(2)(a) and § 1903(2)(b) having been met, this Court holds that Delaware has subject matter jurisdiction, pursuant to the UCCJA, over this custody dispute.

■ Mother argues that Jason has significant connections with the state of Colorado and that there exists in that state substantial evidence concerning Jason's care, needs and treatment. For this reason, Mother argues that Colorado, rather than Delaware, has jurisdiction under 13 *Del.C.* § 1903(2).

The Court does not dispute that Jason has significant connections to Colorado and that such evidence is available there. The Court does differ, though, with the conclusion drawn by Mother, which is essentially that only one state may have jurisdiction over a custody matter. The Court does not share this view. Subsection (2) specifically contemplates concurrent jurisdiction. *See* Comment UCCJA Section Three, *reprinted in* CROUCH, *supra.* In this particular case both Delaware and Colorado have jur-

---

3. Father filed his petition for custody one day before Delaware would have ceased to be Jason's home state (Assuming Father's dates of Jason's residence in Delaware were accepted as true).

isdiction under the "significant connection" test.

■ While two or more states may have jurisdiction, only one may exercise it. This brings the Court to Mother's alternative argument of *forum non conveniens.* Having determined that this Court may properly exercise jurisdiction in this case, the Court now considers Mother's assertion that Delaware is an inconvenient forum pursuant to 13 *Del.C.* § 1907. Section Seven of the UCCJA empowers a court of competent jurisdiction to decline to exercise its jurisdiction if it determines that this State is an inconvenient forum and that a court of another State is a more appropriate forum. In making this determination, the court must consider whether the best interests of the child would be better served by the assumption of jurisdiction by another State. The statute lists several factors to be taken into account by the Court. They are:

(1) If another state is or recently was the child's home state;

(2) If another state has a closer connection with the child and his family or with the child and 1 or more of the contestants;

(3) If substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state;

(4) If the parties have agreed on another forum which is no less appropriate; and

(5) If the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in § 1901 of this title.

13 *Del.C.* § 1907.

It is Subsection (c)(3) which the Court finds compelling in this case. It is apparent from the pleadings that Jason suffers from serious emotional and behavioral, as well as medical, problems. These problems have resulted in his confinement in hospitals and youth centers. It is also apparent from the record that this course of treatment did not begin until Jason left Delaware for Colorado.

Mother continues to reside in Colorado and presumably Jason will return to live with her upon his discharge from the Desert Hills facility. The Court would be remiss if it did not recognize that any determination of the merits of Father's petition will revolve largely around Jason's physical and emotional health. In all likelihood, experts will be called to testify regarding the diagnosis of Jason's illness, its treatment and the prognosis for his future. It is imperative that the Court have competent, reliable information upon which to make a determination of custody. It is especially important where the child concerned has special needs.

As it appears from the pleadings that the professionals who have thus far treated Jason are located in Colorado and Arizona, evidence regarding Jason's emotional and physical health is more readily available in Colorado than in Delaware. For this reason, this Court believes it would be in Jason's best interests to decline to exercise jurisdiction over this matter and to defer to the Colorado courts.

\*    \*    \*    \*    \*    \*

■ Finally, Mother has requested that Father be ordered to pay the counsel fees and travel expenses she incurred during this litigation. 13 *Del.C.* § 1907(g) authorizes such an award against the party who commenced the custody proceeding where it appears to the Court that it is a clearly inappropriate forum. A finding of *forum non conveniens* does not, in and of itself, require an assessment of fees. Such an award is not appropriate in this case. Father's selection of Delaware as a forum to dispute the custody arrangements of his son was not so unreasonable as to warrant an award of counsel fees and travel expenses.

### V. *The Ruling*

1. Mother's Motion to Dismiss is *granted.*

2. Father's petition for custody is *dismissed.*

3. Mother's request for an award of counsel fees and travel expenses is *denied.*

IT IS SO ORDERED.

## UPON REARGUMENT

The Court has received and reviewed petitioner's (hereinafter "Father") Motion for Reargument and respondent's (hereinafter "Mother") Reply. Father's Motion is *denied*.

On May 22, 1991, this Court issued an Opinion and Order granting Mother's Motion to Dismiss Father's petition for a custody modification of a foreign custody Order. The Court concluded that while this State could exercise subject matter jurisdiction over the dispute, it should instead defer to the concurrent jurisdiction of the State of Colorado. The decision was based upon the Court's interpretation of the Uniform Child Custody Jurisdiction Act, 13 *Del.C.* § 1901 *et seq.*, most notably the provisions contained in § 1907 dealing with the doctrine of *forum non conveniens.*

Father's first contention is merely a restatement of the facts. Nothing is offered which would indicate to the Court that reargument is appropriate. Father's second contention is the bald statement that litigation in Colorado would be "just as inconvenient" as it would be in Delaware. This position was expressly rejected by the Court in its decision of May 22, 1991, when it determined that Delaware was an inconvenient forum. The evidence then and now supports that conclusion. Father's final contention was similarly rejected by the Court when it determined that both States had subject matter jurisdiction over this custody dispute and that the more appropriate forum was Colorado.

The Court finding no merit in Father's Motion for Reargument, it is hereby denied.

IT IS SO ORDERED.